JiCOOKS, Judge.
Plaintiff assigns error in the denial of his claim for workers’ compensation benefits resulting from injury allegedly caused by his intoxication at the job site. For the following reasons, we affirm.
PACTS
On August 27, 1995, Jessie Zeno, while engaged in the course and scope of his employment with Truck-N-Trailer Equipment Company, was injured when he fell to the ground from the top of a ladder. Zeno, standing on the ladder’s top step, attempted to lift a five pound can of roof sealant over his head. During this maneuver, Zeno lost his balance and fell from the ladder sustaining a left lateral condyle fracture of the humerus.
After the accident, Zeno was transported to Lake Charles Memorial ^Hospital. On examination, the anesthesiologist detected a “heavy” odor of alcohol on Zeno’s breath. At the behest of a Truck-N-Trailer’s representative, and in accordance with La.R.S. 23:1081(7)(a), a blood sample was drawn from Zeno for a drug/alcohol screen. Louisiana Worker’s Compensation Corporation provided the workers’ compensation coverage to Truck-N-Trailer at the time of Zeno’s accident. Workers’ compensation benefits were paid to him in the amount of $173.33 per week from September 4 to September 22, 1994. Additionally, all medical expenses incurred by Zeno through September 26, 1994 were paid.
Test results of the blood sample indicated Zeno had a quantitive value of .23 grams percent of ethanol in his blood stream at 11:10 a.m. on the morning of the accident. The accident occurred at approximately 9:00 a.m. Following receipt of the drug screen results, Zeno’s workers’ compensation benefits were terminated and authorization for payment of any additional medical expenses was withdrawn by the employer. Zeno thén filed a claim for benefits with the Office of Workers’ Compensation. The hearing officer found, in accordance with La.R.S. 23:1081(12), defendants met their burden of proving Zeno was intoxicated at the time of the accident and the accident was caused by the intoxication. Accordingly, she found defendants were not legally liable for any medical and compensation benefits claimed by Zeno. Zeno appealed the hearing officer’s judgment.
ANALYSIS
 La.R.S. 23:1081 provides in pertinent part as follows:
(1) No compensation shall be allowed for an injury caused:
i ⅜ * » * * *
i _k
(b) by the injured employee’s intoxication at the time of the injury, unless the employee’s intoxication resulted from activities which were in pursuit of the employ *562 er’s interest or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee’s work hours, or
* * * * * *
(7)(a) For purposes of this Section, the employer has the right to administer drug and alcohol testing or demand that the employee submit himself to drug and alcohol testing immediately after the alleged job accident.
[[Image here]]
(8) In order to support a finding of intoxication due to drug use, and a presumption of causation due to such intoxication, the employer must prove the employee’s use of the controlled substance only by a preponderance of the evidence. In meeting this burden, the results of employer-administered tests shall be considered admissible evidence when those tests are the result of the testing for drug usage done by the employer pursuant to a written and promulgated substance abuse rule or policy established by the employer.
* * * * * *
(12) Notwithstanding any language to the contrary, once the employer has met the burden of proving intoxication at the time of the accident, it shall be presumed that the accident was caused by the intoxication. The burden of proof then is placed upon the employee to prove that the intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer.
The employer has the burden of proving the employee’s drug use by a preponderance of evidence. Once this burden has been satisfied by the employer, a presumption arises that the intoxication caused the accident. At this) 4point the burden shifts to the employee to prove the intoxication was not a contributing cause of the accident. If he cannot disprove this connection, the employer’s intoxication defense will preclude the worker, so injured, from recovering any benefits.
On appeal, counsel for Zeno asserts two arguments alleging the employer’s reliance on the intoxication defense is without sound basis. First, he contends defendants “should be estopped from asserting a defense that Jessie Zeno assumed the risk by his intoxication given the fact that Truck & Trailer Equipment Company was aware of Jessie Zeno’s illness and disability.” Second, Zeno’s counsel argues the record lacks any evidence tending to establish that Zeno’s intoxication caused the accident and injury sustained.
Zeno does not dispute the hearing officer’s finding that he was intoxicated at the time of the accident. Further, he does not attack the procedures used for collecting or testing his blood on arrival at the hospital. The test results were introduced in evidence by the employer without objection. This evidence, thus, provides a factual basis for invocation of La.R.S. 23:1081(12)’s presumption that the accident was caused by Zeno’s intoxication. The burden shifts to Zeno to prove his intoxication was not a contributing cause of the accident. The hearing officer specifically found Zeno “failed to overcome his burden of then proving that the intoxication was not a contributing cause of the accident....” After reviewing the record we must agree. Not only does the record evidence contain the test buttressed by the presumption statutorily granted, but the employer also presented medical evidence to establish the cause-in-fact of Zeno’s accident was related to his intoxication at the time. Dr. |sWilIiam George, a Toxicology Professor, testified Zeno’s intoxication was the major factor causing the accident. Zeno also admitted he was confronted by a fellow employee the morning of the accident who accused him of being intoxicated. Zeno did not present any evidence to contradict the testimony of Dr. George, the test result or to rebut the presumption granted the employer.
Turning to Zeno’s estoppel argument, we note first it is internally inconsistent with his testimony that he never arrived at work intoxicated during the entire 15 years of his employment with Truck-N-Trailer. Zeno also testified he never drank more than three beers on weekdays. However, he admitted being suspended without pay on more than one occasion for appearing intoxicated at work. He further admitted knowing it was *563 against company policy to arrive at work under the influence of alcohol. The Louisiana Supreme Court defines the doctrine of equitable estoppel as “the effect of the voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct.” John Bailey Contractor v. State, Dept. Of Transp. & Dev., 439 So.2d 1055, 1059 (La.1983) (quoting American Bank and Trust Company v. Trinity Universal Insurance Company, 251 La. 445, 205 So.2d 35 (1967). The record is devoid of any evidence, even remotely, suggesting Zeno could have justifiably believed arriving at work intoxicated was acceptable behavior. Moreover, Zeno denied he was intoxicated on the morning of the accident. His argument in brief, i.e., that he somehow changed his position by appearing intoxicated at work does not “jibe” with his insistence that he was not drunk. Pei'haps Zeno’s “memory loss” Rand inconsistency demonstrate why intoxication on the job is not favored.
DECREE
For the foregoing reasons, the judgment of the Office of Workers’ Compensation is affirmed at plaintiff-appellant’s cost.
AFFIRMED.